82,851-01

COURT OF CRIMINAL APPEALS
**Att: ABEL ACOSTA, Clerk**
P.O. Box 12308
Austin, Texas 78711

February 4, 2015

Re:   RESPONCE TO STATE'S ANSWER TO APPLICATION FOR WRIT OF
      HABEAS CORPUS: CAUSE NO. 11-04-0468 COUNTS I and II
      COUNTS I and II

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 12 2015

Abel Acosta, Clerk

Dear Mr. Acosta,

Enclosed please find Applicant's Pro Se Responce To State's Answer To Application For Post-Conviction Writ Of Habeas Corpus, please file said motion and bring it to the attention of the Court in the above-styled and numbered cause.

Applicant in this case did not receive state's answer in time to make a responce before the trial court filed Findings of Conclusion of Law, that was file the same day as the State's answer, January 22, 2015.

Respectfully submitted,

/s/ _Daryl Beeson_

DARYL LEE BEESON, #1788958, pro se
Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

**I.L.A.**

EX PARTE

**DARYL LEE BEESON,**
                    Applicant

§   IN THE DISTRICT COURT FOR

§

§   THE 221st JUDICIAL DISTRICT,

§

§   MONTGOMERY COUNTY, TEXAS

---

### APPLICANT'S PRO SE RESPONCE TO STATE'S ANSWER TO APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

---

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW **DARYL LEE BEESON,** pro se Applicant, and moves this Court to find that there is a necessity for an evidentiary hearing, or at least affidavits in resolving the factual disputes raise by the Applicant regrading ineffective assistance claims. There is a necessity for a fact-finding hearing, there is not ample evidence in the record for the Court to rule on the relief sought. The Applicant would respectfully show this Honorable Court the following:

### I. NATURE OF THE CASE:

The Applicant was charged by indictment with two counts of aggravated sexual assault of a child, alleged to have occurred on or about January 24, 2011. The Applicant pled "not guilty" jury found him guilty and assessed his punishment at life imprisonment in each count. The trial court ordered the sentences to run consecutively.

The Ninth Court of Appeals affirmed the Applicant's convictions and sentences, which became final on October 28, 2013.

### II. CLAIMS THAT SHOULD HAVE BEEN RAISED ON DIRECT APPEAL

In the State's answer to Applicant's writ of habeas corpus, they state that grounds one, two, three and eight, should have been raised on direct appeal, and the Applicant has provided no compelling reason for the Court to address those claims, therefore, the **claims** are not cognizable on habeas review and should be denied.

Applicant has Filed a Pro Se Motion Requesting Leave To File A Supplement To The Original Applications For Writ Of Habeas Corpus. In said motion Applicant is asking the court to add grounds nine, ten, eleven and twelve to his application for habeas, in order to properly address these issues that the State says that are not "cognizable" on habeas reviw.

Applicant is proceeding pro se in this matter, and moves this Honorable Court to review the allegations in this pleading under the standard of review established by the United State Supreme Court in **HAINES V. KENNER, 404 U.S. 519,92 S.Ct. 594,30 L.Ed.2d 652 (1972).** Applicant is requesting this Court to review these issues under ineffective assistance of appellate counsel, there-fore, these claims would be cognizable on habeas and should granted review.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL:

Applicant will now respond to the State answer regrading ground four, the State now says the counsel was not ineffective due to his learning two-days before trial that the complainant listened to an internal voice. However, the complainant (Bethany) stated that she had "Multiple Personalties" she described as a girl named "Emily" who exists "inside her head" not a voice.

However, prosecutor states "Additionally, we do not anticipate Bethany Cochran testifying until probably late Wednesday or possibly early Thursday. So they have sufficient time from Saturday until the time that she testifies to be able to garner up enough evidence or whatever information they need to sufficiently cross examine her and successfully use this information at trial. So, for that reason the State is opposed to the motion for continuance." **(RR Vol.II.pg.12,13).** In the trial the State says there is enough time for counsel, but here in the answer to Applicant's habeas the State says the trial counsel did not have enough time and therefoe, not ineffective, they should not be able to have it bought ways.

The State goes on to say, "Likewise, an ineffective-assistance claim based on trial counsel's failure to call a witness cannot succeed adsent a showing that the witness was avaiable to testify and that the witness's testimony would have benfitted the defense." Then go on to state that the record shows that trial counsel did consult with an expert and sought advice on how to move forward: "I **have** been dealing with our psychologist expert, and he again urges we need to have either access to her psychiatric history records or access to her treatment provider to investiate this further to see how this has implications for the defense. This is a due process arument, Your Honor, that this would be denying my client due process. **(RR Vol.II.pg. 9).** Here in the case at bar, Applicant was not provided the name of the expert counsel was dealing with, however, the record is clear that counsel could have called this witness, and expert witness would have shown she suffered from multiple-personality

(3)

disorder (MPD), an ailment involving several distint "personalities" that takes turns dominating the same body.

As seen in **MARK A. PETERSON V. WISCONSIN,** three of the complainant's personalities were sworn in. The tesimony of the complainant claiming to have (MPD) could send someone else to prison, as in the case at bar,. Circuit Judge Robert Hawley overturned Peterson's Nov. 8, 1990 conviction on sexual assault charges due to the defense had not been allowed to have a psuchiatrist examine the woman before trial.

In ineffective assistance's claims the court should add to the record by way of affidvits or an evidentiary hearing before a finding of facts and conclusion of law. Trial counsel himself states in the record that "It is an ineffective assistance of counsel issue." (RR **Vol.II.pg.10).**

### IV. FAILURE TO REQUEST 38.22 and 38.23 JURY INSTRUCTIONS:

In the fifth ground for relief, counsel was ineffective for failing to request jury instructions under articles 38.22 and 38.23 of the Texas Code of Criminal Procedure. Applicant was entitled toto request instructions, also for videotaped confessions, art. 38.22 requires those warnings appear on the videotape. **RESENDEZ V. STATE,** 256 S.W.3d 669(Tex.App.-Houston[14th Dist.] 2007).

This issue was not if the Applicant was coerced in any way, during the interview the Applicant invoked his right to counsel and to come back another day. There became a factusl dispute in the evidence between tesimony of Detective Funderburk and the video interview that was presented to the jury, if in fact Applicant invoked his right to counsel and to stop the interview

thus, invoking his right to remain silent, and to come back another day. The cross-examiner cannot creat a factual dispute for purposes of art. 38.23(a), it is only the answers that are evidence as was the video interview that created the dispute. **MADDEN, 242 S.W.3d at 514 (footnotes omitted).** Thus, because there was a factual dispute in the evidence Applicant is entitled to jury instruction. under articles 38.23(a), and 38.22, sec. 7.

## V. FAILURE TO INVOKE THE RIGHT TO CONFRONT THE PERSON INDISE THE COMPLAINANT'S HEAD:

In the sixth ground for relief, trial counsel was ineffective for his failure to invoke his right to confront "Emily." The complainant (Bethany) stated that she had "Multiple Personalities" (each functioning as a distinct entity)Applicant argues that it was "emily" that he "consensual sex" with not Bethany. Bethany says she remembered that she "Zoned Out" and laid down on her side of the Applicant's bed. The complainant she "Zones Out" multiple times every day, sometimes for long periods of time. **(RR Vol.VI.pg.49).** She doesn't remember what happens during "Zoneing-Out", "I could be just in there looking at a clock and a second later it would be like three hours later." **(RR Vol.VI.pg. 48).**

The evidence is clear that the complainant "Zoned-Out" that night and it was "Emily" that should have been questioned, this failure by trial counsel short-circuited the entire process. The complainant did what she did that night because "Emily" told her to, she was realy down that night and depressed, and didn't care what happened to her that night, and had tried to commit suicide that night, before she got into the car with the Applicant. **(RR Vol.VI.pg.51).**

(5)

If the complainant does not do what "Emily" says she gets realy mad at her. "Emily" tells her to do a mixture of odd and different things and bad things that aren't good for her. **(RR Vol.VI.pg.40-41).** "Emily" was never questioned, as to being under the threat of any force nor was there ever a deadly weapon exhibited. Applicant was denied effective assistance of counsel for counseler's failure to invoke his right to confrontation of the true complainant "Emily".

## VI. FAILURE TO IMPEACH CHERYL MULLEN'S TESTIMONY DURING PUNISHMENT

In the seventh ground for relief, counseler was ineffective for his failure to impeach Cheryl Mullen, she testified about an assault charge she filed against the Applicant a few years before the events of this case occurred. Counseler failure to use an affidavit executed by Scott Warren George on March 13, 2008, which Mullen admitted to lying about the assault shortly after it occurred. (Memorandum at Appendix A). Counseler should subpoena Scott Warren George to testify to what was said in the his affidavit in order to impeach Mullen's very daming testimony.

Mullen had filed assault charges against the Applicant years before the events of this case, however, her testimony was more of a charge of sexual assault and is as follows: "Well, we got into an argument that day. Mr. Beeson got very irate with me over the fact that I would not perform oral sex. And because of that, he threw me against the TV, he choked me, and he pulled a shotgun on me threating my life if I did not perform those duties." **(RR Vol.VII.pg.8).**

However, in the police report that was filed in that case

(6)

Mullen states the argument was over drugs not over oral sex. Counseler had said report but again failed to impeach her testimony. Counseler also knew that the prosecution had find Mullen the night before she testified in a Motel with a known drug dealer, but again failed to put this to the jury.

Counseler also failed to impeach Mullen under TEX.R.EVID.609, Applicant did identify those convictions in his memorandum at appendix C . When counsel asked Mullen of those convictions she lie and said that it was not her in those conviction, at that counseler should have used all means at hand to impeach her testimony, however, failed to do so. Mullen's testimony is where the State findlly put in the minds of the jury that there really was a gun in this case.

The complainant was led into mentioning a gun by Sergeant Funderburk, due to the fact that Applicant had told him about the assault charges with Mullen. No gun was ever found by law enforcement during their seach of Applicant's residence. Also stated by Scott Warren George in his affidavit there never was a gun at Applicant's house back when Mullen had made the charges aginst the Applicant. However, Mullen's testimony led the jury to believe that there really was a gun.

Applicant confessed to consensual sex with the complainant however, did not threaten her with a gun forcefully rape her. Sheriff Gary Fruge stated "I saw that her hair and cloths were disheveled." However, she stated, "I cut myself" also she says the three small acute cuts to her lower leg where she states, "I scratched my mosquits bites really hard." **(RR Vol.IV.pg.197).**

There is a reasonable probability this testimony caused Applic-

ant to be sentenced to more time, even one more day has constitutional meaning. Therefore, this failure to impeach Mullen's testimony violated Applicant's Sixth Amendment Right to effective assistance of counsel.

Thus, the Applicant has shown that trial counsel was deficient, and there is a reasonable probability that the outcome of his trial would have been different but for counseler's errors. Applicant's claim of ineffective assistance of counsel is with merit, and his fourth, fifth, sixth, and seventh grounds for relief should be granted.

## VII.

THEREFORE, this Court should find that there is a necessity for a fact-finding hearing, to adequately address Applicant's allegations, or at least affidavits from counsel, there is not ample evidence in the record for this Court to rule on the relief sought, in claims of ineffectiveness the court should hear from counsel, before entering appropriate findings of fact and conclusion of law.

Applicant filed these applications for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, on December 22, 2014. However, the State did not file their answer to application for post-conviction writ of habeas corpus until January 22, 2015. Therefore the State's answer was filed untimely pursuant to article 11.07 of the Texas Code of Criminal Procedure, and should be disregarded, and this Court should make its own fact-finding of law, and recommend to the Court of Criminal Appeals this habeas should be granted.

(8)

Respectfully submitted,

/s/ _Daryl Beeson_

**DARYL LEE BEESON, #1788958, pro se**
Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

## VIII.
## CERTIFICATE OF SERVICE

This is to certify that on February 4, 2015, the original Applicant's Pro Se Responce To State's Answer To Application For Post-Conviction Writ Of Habeas Corpus, has been forwarded to Abel Acosta, clerk of the Court of Criminal Appeals at P.O. Box 12308, Austin, Texas 78711, by U.S. Mail.

Respectfully submitted,

/s/ _Daryl Beeson_

**DARYL LEE BEESON, #1788958, pro se**
Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

**I.L.A.**

(9)